THISSEN, Justice.
*815 This case requires us to interpret Minnesota's research and development (R&D) tax credit statute. Minn. Stat. § 290.068 (2010).[1] Specifically, we must answer two questions. First, does the Minnesota Legislature's incorporation of the federal tax code's definition of the term "base amount" in section 290.068 include the federal "minimum base amount" limitation? See Minn. Stat. § 290.068, subd. 1(a)(2) ; I.R.C. § 41(c)(1)-(2) (2012). Second, does the term "aggregate gross receipts" as used in the Internal Revenue Code formula for calculating the R&D credit refer to Minnesota or federal aggregate gross receipts? See I.R.C. § 41(c)(3)(A). The Minnesota Tax Court held that the Legislature incorporated the federal "minimum base amount" limitation into Minnesota's tax credit statute and that for the 2011 tax year, the term "aggregate gross receipts" referred to federal aggregate gross receipts, not Minnesota aggregate gross receipts. We affirm.
FACTS
The facts of this case, as they relate to the structure of the tax credit for R&D expenses, are the same as set forth in General Mills, Inc. v. Commissioner of Revenue , No. A18-1660, 931 N.W.2d 791, 2019 WL 3439577 (Minn. July 31, 2019). Thus, we provide here only the facts relevant to this appeal. Respondent IBM is a technology corporation organized under the laws of New York. The company has several facilities in Rochester, Minnesota, where it engages in significant R&D activities.
IBM timely filed its Minnesota corporate franchise tax return for the 2011 tax year; in its return, the company claimed Minnesota R&D credits based on its increased research activities. On April 15, 2016, IBM filed an amended 2011 Minnesota corporate franchise tax return requesting-based on a recalculation of the Minnesota R&D credit-a refund of $4,395,399. Relator Commissioner of Revenue denied IBM's refund claim.
As in General Mills , see 931 N.W.2d at ----, IBM's refund request and the Commissioner's denial of the request reflect a disagreement on two issues. First, IBM and the Commissioner disagree on whether the "minimum base amount" set forth in I.R.C. § 41(c)(2) is incorporated into Minnesota's definition of "base amount." IBM argues that Minnesota does not incorporate the federal "minimum base amount" into its R&D credit; the Commissioner argues that it does. The parties also disagree on whether, in 2011, the term "aggregate gross receipts" in the fixed-base percentage formula referred to federal or Minnesota aggregate gross receipts. IBM contends that it referred to federal aggregate gross receipts, while the Commissioner argues the term was limited to Minnesota receipts.
Following the Commissioner's denial of IBM's refund request, the company appealed to the Minnesota Tax Court. On May 17, 2018, the tax court heard consolidated oral arguments on joint motions for summary judgment in this case and in General Mills' case. On August 17, 2018, the tax court granted summary judgment in both cases. See *816 Int'l Bus. Mach. Corp. v. Comm'r of Revenue , No. 9053-R, 2018 WL 4054529 (Minn. T.C. Aug. 17, 2018) ; General Mills, Inc. v. Comm'r of Revenue , No. 9016-R, 2018 WL 4053060 (Minn. T.C. Aug. 17, 2018).[2] On the first issue, the tax court agreed with the Commissioner, reasoning that the "minimum base amount" was incorporated by reference into Minnesota law. IBM , 2018 WL 4054529 at *6. On the second issue, the tax court agreed with IBM, holding that, for the 2011 tax year, "aggregate gross receipts" referred to federal aggregate gross receipts. Id. at *7-10.[3]
IBM had previously claimed a Minnesota R&D credit of $313,195 on its original 2011 return. IBM , 2018 WL 4054529 at *11. Because IBM prevailed on the aggregate-gross-receipts issue, however, it was entitled to use its federal aggregate gross receipts in its Minnesota R&D credit calculation. Id. As a result, the tax court recalculated IBM's Minnesota R&D credit and held that IBM was entitled to a credit of $2,378,713, exclusive of any carryovers or credits already provided. Id. The tax court then ordered the Commissioner to determine the amount of any carryover from prior tax years in computing IBM's refund. Id. On September 11, 2018, after IBM and the Commissioner stipulated to carryovers, the tax court held that IBM was entitled to a refund in the amount of $12,039,234 plus interest. See IBM v. Comm'r of Revenue , No. 9053-R, Order at 2 (Minn. T.C. Sept. 11, 2018).
The Commissioner sought our review on the aggregate gross receipts question. IBM cross-appealed on the minimum base amount question.
ANALYSIS
This case presents the same two issues raised and decided in General Mills v. Commissioner of Revenue , A18-1660, 931 N.W.2d at ----, filed today. The reasoning from our opinion in that case governs here as well. Thus, as in General Mills , we hold that to calculate the Minnesota R&D tax credit, Minnesota Statutes § 290.068, subd. 2(c), incorporates the "minimum base amount" limitation contained within I.R.C. § 41(c)(2). We also hold that the plain language of Minn. Stat. § 290.068, subd. 2(c), and its incorporation of the term "aggregate gross receipts" through the term "base amount," referred to federal aggregate gross receipts for the 2011 tax year. Consequently, the tax court correctly concluded that federal aggregate gross receipts must be used in the fixed-base-percentage formula contained within the base amount calculation for IBM's 2011 Minnesota R&D credit.
CONCLUSION
For the foregoing reasons, we affirm the decision of the tax court.
Affirmed.

This case involves the 2011 tax year. Therefore, citations to Minnesota Statutes are to 2010-the language in effect at the time-unless otherwise noted. The 2012 version of the Internal Revenue Code is cited because it did not change after the 2011 tax year.

When discussing the issues raised by IBM, General Mills, and the Commissioner, the tax court used essentially identical language in each opinion. Compare IBM , 2018 WL 4054529, with General Mills, Inc. , 2018 WL 4053060.

As noted in General Mills , the 2017 amendment to Minn. Stat. § 290.068, subd. 2(c), to limit the phrase "aggregate gross receipts" to Minnesota-only receipts does not resolve the issue here. See 931 N.W.2d at 799 n.9.